CHARLES F. BROWN, as Administrator, etc., Respondent, *v.*
SIMEON KLOCK, Appellant.

In an action to recover a sum alleged to be due from defendant for moneys
received by him for or from plaintiff's testatrix, which indebtedness was
disputed, it appeared that said testatrix, by her will, gave legacies
amounting to $2,700   Plaintiff, for the alleged purpose of showing
that in the mind of the testatrix her estate was sufficient to pay the
legacies, and, therefore, that the claim in suit was really owing to her,
was allowed to prove, under objection and exception, that after payment
of all claims against the estate there remained, aside from the claim
in suit, but about $1,800. *Held*, error; and as the evidence to sustain
the claim was doubtful and uncertain, it could not be said that the
improper evidence was harmless; and, therefore, the error required a
reversal.

(Argued October 28, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an
order made April 30, 1889, which affirmed a judgment in
favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*C. Carskaddan* for appellant.   It was error to allow plaintiff
to testify to the amount of Mrs. Petrie's estate above her
debts, without stating the amount of the debts. ( *Worrall* v.
*Parmalie*, 1 N. Y. 519, 521; *Wilson* v. *Wilson*, 4 Keyes,
423.)   Exhibit A was not an account stated. (1 Burrill's Law
Dict. 22; 4 Cowen, 593; 11 N. Y. 170, 173.)   The general
rule is that when unimpeached witnesses testify distinctly and
positively to a fact, and are uncontradicted, their testimony
should be credited and have the effect of overcoming a mere
presumption, and the fact should be taken as established.
(*Lomer* v. *Meeker*, 25 N. Y. 361, 363; *Elwood* v. *W. U. T.
Co.*, 45 id. 549, 553; *Newton* v. *Pope*, 1 Cow. 109, 110; *Kav-
anah* v. *Wilson*, 70 N. Y. 177, 179; 17 N. Y. S. R. 100.)

*James Croupe* for respondent.   Upon an appeal to this
court from the judgment of the General Term, questions of

fact arising upon conflicting evidence cannot be determined. (Code Civ. Pro. § 1337; *In re Ross*, 87 N. Y. 514; *Burgess* v. *Simonson*, 45 id. 225; *Tyng* v. *U. S. S. T. B. Co.*, 60 id. 644; *Matthews* v. *Roe*, 49 id. 57; *Dausoman* v. *Schulting*, 85 id. 622; *Van Tuyl* v. *W. F. Ins. Co.*, 55 id. 657; *Caswell* v. *Davis*, 58 id. 223; *Potter* v. *Carpenter*, 71 id. 74.) The referee committed no error upon the trial by the receipt or rejection of evidence. (*In re Waldron*, 16 Week. Dig. 28; *Simmons* v. *Havens*, 101 N. Y. 428, 431, 433; *Cary* v. *White*, 59 id. 336; *Denise* v. *Denise*, 110 id. 562; *Simmons* v. *Sisson*, 26 id. 264; *Hildebrandt* v. *Crawford*, 65 id. 107; *Patterson* v. *Copeland*, 52 How. 461; *Badger* v. *Badger*, 88 N. Y. 47; *Sanford* v. *Sanford*, 61 Barb. 293; *In re Wilson*, 103 N. Y. 374; *C. A. Soc.* v. *Loveridge*, 70 id., 387; 39 Alb. L. J. 56; 2 Williams on Exrs. [6th Am. ed.] 1550.) The referee was correct in finding that plaintiff's Exhibit "A" amounted to and was a stated account in writing, or an account stated, and so intended to be by them. (*Kock* v. *Bonitz*, 4 Daly, 117; *Avery* v. *Leach*, 9 Hun, 106; *Hutchinson* v. *Market Bk.*, 48 Barb. 302; *Hurley* v. *E. W. Bk.*, 7 Daly, 476; *Burke* v. *Wolfe*, 6 J. & S. 263.) It is not necessary to plead upon an account stated to maintain the action. If the evidence shows an account stated it is sufficient. (*Avery* v. *Leach*, 9 Hun, 106; *Hurley* v. *E. W. Bk.*, 76 N. Y. 618; 27 id. 137; *Gilchrist* v. *B. G. Mfg. Co.*, 66 Barb. 390; *Kimball* v. *Huntington*, 10 Wend. 675.) The objection that the proof does not correspond with the pleadings must be distinctly taken at the trial, or it is waived. (*Rosebrooks* v. *Dinsmore*, 36 How. 138; *Belknap* v. *Sealy*, 14 N. Y. 143; *Tyng* v. *Commercial W. Co.*, 58 id. 308; *McKnight* v. *Devlin*, 52 id. 399; *Doyle* v. *Mulren*, 7 Abb. [N. S.] 258.)

Earl, J. This action was brought to recover of the defendant the sum of $1,429.10, with interest, for money alleged to have been received by him for or from the plaintiff's testatrix in her lifetime, and which at her death was due from him to her. The defendant by his answer put in issue the alleged

indebtedness, and the action was referred to a referee, who found in favor of the plaintiff. The evidence to establish the defendant's liability appears in the record to have been very uncertain and unsatisfactory, and we are not convinced that the referee reached the right conclusion upon the merits. Taking the most favorable view of the evidence for the plaintiff, the case was a very close one, and, therefore, any improper evidence received for the plaintiff may have materially influenced the decision and prejudiced the defendant.

The testatrix gave by her will in legacies to various legatees the sum of $2,750. Upon the trial the plaintiff, as a witness, was asked these questions, which were objected to and answered as follows: " Q. Were all the claims that were presented to you as administrator paid ? A. All the claims that have been presented have been paid. Q. Has the time for the presenting of these claims against the estate past ? A. It has. Q. Independent of the claims in suit, what was the amount of the estate of Elizabeth K. Petrie, deceased, after the payment of her debts? A. About $1,800." This evidence was incompetent for any legitimate purpose. As the testatrix had given in legacies $2,750, and her estate, after the payment of debts, amounted to only $1,800, the counsel for the defendant claims that this evidence was given to show that in the mind of the testatrix she had an estate sufficiently large to pay all her legacies, and, therefore, that the claim in suit really belonged and was owing to her estate. Unless the evidence was introduced for some such purpose, it is not perceived for what purpose it was intended. In weighing the doubtful and uncertain evidence in the case, the referee may have given the argument, which could be drawn from the actual amount of the estate as compared with the amount of the legacies given by her, some influence. We think this evidence was entitled to no weight and was wholly immaterial and improper, and we are unable to say in such a case as this that it did not prejudice the defendant. If the plaintiff's case had been reasonably clear of doubt or fairly sustained by satisfactory evidence, it would have been possible to hold that

this evidence was not damaging to the defendant. But upon the case as presented to us we ought not to disregard it as harmless.

We have purposely omitted to comment particularly upon the evidence bearing upon the defendant's liability, so that upon the new trial neither party may be prejudiced by our views thereof.

For the error mentioned the judgment of the General Term and that entered upon the report of the referee should be reversed, and the order of reference vacated and a new trial ordered, costs to abide event.

All concur.

Ordered accordingly.