THOMAS A. HEALY, Respondent, *v.* JANET T. MALCOLM, as Executrix, etc., of JAMES F. MALCOLM, Deceased, Appellant.

*An unanswered letter, written by the assignor of a claim for the use of a cottage and stable, stating the claim, is not competent proof in an action by the assignee to recover the amount due from the debtor — effect of a failure to answer it.*

In an action brought against the executrix of a decedent to recover upon a contract made by the plaintiff's assignor with the decedent, by which the latter was alleged to have engaged a cottage and stable from the plaintiff's assignor for a period of five months, a letter written by the plaintiff's assignor to the decedent's daughter, who afterwards qualified as his executrix, stating, "As you have transacted most of the business with me, I am addressing you on the subject of my claim against your father's estate. My engagement with your family was for the season, and a long one, as you would not agree to my taking this cottage till the landlord said we might have it through October, saying the Autumn was the most pleasant time here. This long term justified me in taking such a responsibility, and now I have it on my hands," which letter was not answered, is not competent evidence in support of the plaintiff's claim. The failure to answer such letter was not an admission of the facts stated therein.

APPEAL by the defendant, Janet T. Malcolm, as executrix, etc., of James F. Malcolm, deceased, from a judgment of the Supreme

Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of April, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Edward W. S. Johnston*, for the appellant.

*Philip M. Brett*, for the respondent.

PATTERSON, J.:

The plaintiff sued upon a contract alleged to have been made by the plaintiff's assignor with James F. Malcolm (now deceased), and pursuant to which she hired certain premises at Spring Lake, N. J., for a period of five months, from June 1 to November 1, 1900, Malcolm stipulating to pay her $100 a week for the exclusive use and possession of the premises, which consisted of a cottage and a stable, during that period of five months. The negotiations leading to the contract were had between the plaintiff's assignor and a daughter of Mr. Malcolm. He and his family took possession of the premises. He paid at the rate of $100 a week therefor until the 17th of July, 1900, when he died, and shortly afterward his family abandoned the premises. Mr. Malcolm left a will, which was proven, and his daughter qualified as executrix. This action was brought against her in her representative capacity. The principal defense is that the contract made between the plaintiff's assignor and Mr. Malcolm was one for board for himself and family, which terminated wholly at his death. The action has been twice tried. On the first trial the plaintiff had a verdict, but on appeal to this court the judgment entered on that verdict was reversed for an error in the admission of evidence and a new trial was ordered. On the retrial the plaintiff again recovered a verdict.

In reviewing the case on the appeal from the judgment entered upon the first trial, we were of the opinion that there was evidence to show that the arrangement made between the plaintiff's assignor and Mr. Malcolm was intended to continue until the first of November. An examination of the record on the second trial shows no substantial difference in the evidence on that subject. The plaintiff's assignor hired the premises in New Jersey upon the faith of

the understanding she had that Mr. Malcolm and his family would occupy them and pay her $100 a week until the first of November.

But on the second trial there was again an error committed in the admission of evidence. The plaintiff was allowed to make his case upon declarations and statements of his assignor contained in a letter written by such assignor to Mr. Malcolm's daughter on July 22, 1900. That letter contains a statement of the claim of the plaintiff's assignor and was allowed in evidence, notwithstanding the fact that it was merely a voluntary and uninvited statement. It does not form part of the *res gestæ;* it was not written in answer to any communication; did not form part of any correspondence, and is merely a declaration of the plaintiff's assignor in her own favor. It contains the following statement: " As you have transacted most of the business with me, I am addressing you on the subject of my claim against your father's estate. My engagement with your family was for the season, and a long one, as you would not agree to my taking this cottage till the landlord said we might have it through October, saying the Autumn was the most pleasant time here. This long term justified me in taking such a responsibility, and now I have it on my hands."

That is substantially a condensed statement of the whole of the plaintiff's claim, and the letter was admitted as proof in the case. No answer to it was ever received. It was not competent evidence, and the failure to answer it was not an admission of the facts stated therein. (*Bank of British North America* v. *Delafield,* 126 N. Y. 411; *Learned* v. *Tillotson,* 97 id. 1; *Thomas* v. *Gage,* 141 id. 508.) The error in allowing this letter in evidence requires a reversal of the judgment.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.