(83 App. Div. 84.)

HAVENS v. GILMOUR.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. LANDLORD AND TENANT—USE AND OCCUPATION—EVIDENCE—LETTERS.
    In an action on a contract for the use of a certain paper mill, letters written to defendant by his superintendent, since deceased, were inadmissible against plaintiff.

2. SAME—PREJUDICIAL ERROR—TRIAL BY REFEREE.
    Where in an action tried before a referee incompetent evidence admitted had a strong bearing on the main issue, and it did not appear that the referee would have found as he did had such evidence not been admitted, the admission thereof will not be held harmless.

3. SAME.

Letters written from defendant to plaintiff in reply to letters alleged to have been received from plaintiff, but which were not introduced in evidence, were inadmissible, being declarations of defendant in his own interest.

Appeal from Order Entered on Report of Referee.

Action by John S. Havens against Robert M. Gilmour. From a judgment in favor of defendant on a referee's report, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Timothy M. Griffing, for appellant.
P. Q. Eckerson, for respondent.

WOODWARD, J.  Because of errors in the admission of certain letters over the objections and exceptions of the plaintiff the judgment must be reversed.  The plaintiff brought this action to recover for the use and occupation of a certain paper mill at Patchogue, together with a dwelling house and the machinery contained in said mill, from March, 1894, to November, 1899.  The value of this use and occupation was placed at $4,533.33, and the plaintiff conceded that certain improvements in the machinery, made by the defendant, entitled him to an allowance of $1,500, leaving the amount demanded at $3,033.33. The defendant set up in an amended answer a counterclaim aggregating $10,427.17, and the learned referee has found in favor of both claimants to the full amount of their claims, and has given judgment to the defendant for the difference between the two amounts, or $5,954.84.  The counterclaim set up by the defendant was to the effect that in 1894 he entered into an agreement with the plaintiff, by which the latter was to make certain repairs in the foundation and water power of the mill, and the defendant was to enter into possession for the purpose of making repairs in the machinery, introducing new machines, and making a series of experiments in the production of asbestos and other papers.  According to the defendant's theory of the matter, the new machinery and improvements made in the old machinery were to be at the expense of the plaintiff, and, if the time ever came when they could successfully manufacture asbestos and other papers, then the defendant was to enter into a contract with the plaintiff for the use of the mill for a period of five years at an agreed rental of $800 per year.  The plaintiff admits part of this agreement; concedes that he was to allow for making improvements in the machinery, and that the defendant was to have the use of the mill for a reasonable length of time in getting it ready; but denies that he was obligated to purchase new machinery in the equipment of the place for the defendant's experiments.  The agreement was verbal, and has been executed in a greater or less degree by both parties, and the important issue in the case, broadly speaking, was to determine what contract or agreement had been made and executed between the parties.  There was a conflict of evidence, and in support of the letters which were offered and received in evidence over the plaintiff's objection and exception the respondent quotes the authority of Plat-

ner v. Platner, 78 N. Y. 90, that "whatever evidence is offered which will assist in knowing which party speaks the truth of the issues in an action is relevant;" and respondent says of the letters, "The most they did was to assist in showing where the truth lay." There is no doubt of the rule cited by the respondent, but the matter offered must be evidence. The letters under consideration were written by one Ritchie, a former employé of the plaintiff, but at the time of writing engaged in superintending the mill for the defendant. It is admitted by the respondent that if Ritchie had been living he would have been an important witness, and his letters to his employer, reporting upon the condition of affairs at the mill, and relating alleged conversations with the plaintiff bearing upon the matter in controversy, had no possible place in the case. There is no doubt that, if Ritchie had been alive, and had testified to the matters contained in his letters, under circumstances which would have permitted the plaintiff to cross-examine him, the evidence would have been competent, and would have had an important bearing upon the main issue. The letters contain alleged admissions on the part of the plaintiff which would go far to establish the probability of the defendant's contention; but it has never been permitted, so far as we have been able to discover, that a party to an action should establish his case by the unsworn testimony of a person who was at the time in his employ, and who did not represent or pretend to represent the adverse party. The letters, aside from their incompetency, bear evidences of hostility to the plaintiff, and were evidently written to the defendant with the idea of convincing the latter of the loyalty of the writer to the interests of his new employer. They were certainly not competent evidence against the plaintiff.

The respondent urges, however, that, conceding these letters were incompetent, and improperly admitted, there was ample competent evidence to establish the defendant's counterclaim, and that an error in receiving incompetent evidence committed on a trial before a court without a jury (or before a referee) may be disregarded where competent evidence was given to establish the essential facts upon which the judgment rendered is based. Desbecker v. McFarline, 42 App. Div. 455, 59 N. Y. Supp. 439; Alpaugh v. Hulse, 72 App. Div. 438, 76 N. Y. Supp. 571. There is no doubt, in a proper case, that the court may disregard an error which does not substantially prejudice the rights of the adverse party; but in the case at bar there can be no presumption that the learned referee would have reached the same result if he had not regarded this evidence as having a strong bearing upon the main issue. The bargain alleged by the defendant does not appear, upon its face, to be such as an ordinarily prudent man would have made under the circumstances, and the evidence ought to be strong which would support such a contract. Without these letters there is practically nothing in the case except the dispute between the plaintiff and defendant upon what occurred between them, and, other things being equal, the evidence of the one would be as likely to be accepted as the other. Brown v. Klock, 117 N. Y. 340, 342, 22 N. E. 944. The rule is that the reception of illegal evidence is presumptively injurious to the party objecting to its admission; but where the pre-

sumption is repelled, and it clearly appears on examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error furnishes no ground for reversal (Ward v. Hoag, 78 App. Div. 510, 79 N. Y. Supp. 706, and authorities there cited), and it cannot be. fairly said that the case at bar is within this rule.

The series of letters from the defendant to the plaintiff, in reply to letters alleged to have been received from the plaintiff, but which are not given in evidence, are likewise objectionable, as being declarations. of the party in his own interest; but it does not seem necessary, in view of the other substantial errors, to discuss this point.

The judgment appealed from should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur; HIRSCHBERG, J., in result.