(109 App. Div. 463.)

### RIDDELL v. JENKINS.

(Supreme Court, Appellate Division, Third Department.   November 15, 1905.)

EVIDENCE—SELF-SERVING DECLARATIONS.

> In an action for breach of warranty of a horse sold, it was error to admit in evidence a letter, written by the plaintiff to the defendant, stating that the horse had no sign of a cold, that it was the heaves, pure and simple, and so pronounced by every one who had seen him, and making sarcastic references to probable attempts of the defendant to give him something for a cold; such statements being self-serving, and tending to prejudice the defendant.

Appeal from Warren County Court.

Action by Edgar E. Riddell against Charles L. Jenkins. From a judgment of the County Court, affirming a judgment of the justice court in favor of the plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Max S. Bevins (Edgar T. Brackett, of counsel), for appellant.
John H. Cunningham, for respondent.

CHASE, J.   The defendant sold the plaintiff a horse, and this action is brought to recover damages against the defendant; the plaintiff claiming that at the time he purchased the horse the defendant warranted him to be sound, except in one particular not of present importance, but that the horse had the "heaves," which made him of much less value than he would have been without it. The evidence produced on the trial made a question of fact for determination by the jury.

We think, however, that there was an error in the admission of evidence which requires a reversal of the judgment. One week after the plaintiff purchased the horse he wrote the defendant a letter, and about a week thereafter he wrote the defendant another letter in relation thereto. On the trial the plaintiff testified without objection to sending such letters, and to some extent as to their contents. The defendant cross-examined the plaintiff as to the contents of the first letter, but not as to the second letter. Subsequently, the letters being in court, the plaintiff offered them in evidence and they were received, although the defendant objected to them upon the ground, among others, "that the contents of the letters may prejudice the defendant by the conclusions of the plaintiff; any statement made therein being an expression of opinion, and the witness having sworn upon the stand that he had no knowledge as to the truth of the matters stated in such letters." Perhaps the admission of the first letter was not harmful, because its contents had been substantially stated orally without objection prior to its admission; but the second letter, among other things, states:

"The horse has no sign of a cold. It is the heaves, pure and simple, and so pronounced by every one who has seen him. He showed it plain the next morning after I got him here, but not as bad as he did those warm mornings after. Now, if there is anything I abhor, it is a heavy horse. That is the reason I asked you especially in regard to his wind, and I shall not stand

for it. * * * I have given him some heave cure once or twice, but it takes two good men to put a spoonful of medicine in his mouth. He seems to know very well what it means, and will almost climb the side of a barn to get away from it. I presume you have given him something for a cold before now. * * *"

Plaintiff had not testified in regard to the contents of the second letter, except to say that in it he demanded the return of the purchase price of the horse, and also that in it he stated that the horse was subject to the defendant's order, coupled with a request that he be informed what the defendant was going to do about it. The statements and opinions contained in the letter were self-serving, and not against the plaintiff's interest. His personal statements and opinions, with the general statement of opinions by every one that had seen the horse, and the sarcasm about the defendant's having given the horse "something for a cold," directly tended to prejudice the defendant and to make evidence against him in the minds of the jury. Its admission was error, and we cannot say that it did not affect the result. Thomas v. Gage, 141 N. Y. 506, 36 N. E. 385; Healy v. Malcolm, 77 App. Div. 69, 78 N. Y. Supp. 1043; Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508; Havens v. Gilmoure, 83 App. Div. 84, 82 N. Y. Supp. 511; Ives v. Ellis, 169 N. Y. 85, 62 N. E. 138.

The judgment should be reversed, with costs in this court and in the court below. All concur, except HOUGHTON, J., not voting, not being a member of this court at the time this decision is handed down.