Sherman *v.* New York Central Rail Road Co.

[NEW YORK GENERAL TERM, September 8, 1856. *Roosevelt, Clerke* and *Whiting*, Justices.]

———————◆———————

## SHERMAN *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

A written agreement for the sale and purchase of property, purporting in the body of it, to be between the vendor of the one part and the purchasers, by their agent, of the other part, signed by the vendor, and by the agent in his own name merely, a seal being annexed to each name, is not executed in the name of the purchasers, and is therefore void.

It is not binding on the agent, inasmuch as he does not profess or intend to contract for himself but for the purchasers, nor upon the latter, because it is not executed in their names. Consequently the vendor is not bound by it.

Adding a seal to the name of the agent, when he is not authorized to bind his principals by seal, will not vary the case.

The principals will, notwithstanding the seal, be bound by the contract, if it is properly executed.

But where the vendor declares upon the written agreement, and also relies upon the common counts for goods sold and delivered, he may recover upon the latter counts, if they are sustained by the proof.

In such a case the written contract should be received in evidence, not as a basis of recovery, but to show that it is void, and that therefore the plaintiff may resort to the common counts, notwithstanding the writing. There being a contract in writing, the plaintiff cannot recover on the general counts, without producing or accounting for it.

If it is produced and proved, and offered in evidence by the plaintiff, and excluded upon the defendants' objection, not that it was not proved, but that it was a contract between the plaintiff and the agent, the defendants cannot afterwards object, to a recovery on the common counts, that it was not actually in evidence.

It is not necessary to allege in the common counts that the person professing to execute the contract as agent for the purchasers, was their agent. It is sufficient to allege a sale and delivery to the purchasers; and proof that they acted by others who were their agents will sustain the allegation.

The written agreement forms no obstacle to proving that the person professing to act as agent was the agent of the purchasers, and purchased the property for them.

THIS action was brought to recover the value of a quantity of firewood, alleged to have been sold and delivered by the plaintiff to the defendants. The complaint alleged that, on or about the tenth day of January, 1855, an agreement was made by and between the plaintiff of the one part, and the defendants of the other part, by which the plaintiff, in consideration of the agreement thereinafter to be performed by the defendants, agreed to sell to the defendants three hundred cords of wood, consisting principally of oak and hickory, and to deliver the same to the defendants on the Seneca canal, at Geneva; said wood to be delivered within one year from the date of said agreement, and as soon as reasonably possible from the date of said agreement; and that the defendants then and there agreed to pay the said plaintiff, for said wood, nineteen shillings (meaning $2.37½) per cord, for each and every cord, and to make such payment for the same from the 1st to the 15th of each and every month, (thereby meaning that they were to pay from the 1st to the 15th day of each and every month, for as much of said wood as should at such time be delivered,) at the freight office of said defendants, in the village of Geneva. The plaintiff further alleged, that at the time of making said contract the said defendants were, and ever since have been and still are, a corporation, doing business under the name, firm and style of the New York Central Railroad Company. The plaintiff further alleged, that shortly after the making of the contract, and on or about the 1st day of May, 1855, he delivered to the said defendants, at the place mentioned in said contract, about two hundred cords of said wood, of the same kind and quality as mentioned in said contract, which wood was accepted by said defendants. And afterwards, to wit, on or about the first of June, 1855, he offered to deliver the balance of said wood at the place mentioned in said contract, and of the kind and quality mentioned in said contract, and the said defendants refused to receive the same, and the defendants have not paid him for the

Sherman *v.* New York Central Rail Road Co.

same, or any part thereof. The complaint contained other counts for wood sold and delivered to the defendants, and demanded judgment for $500.

The defendants, by their answer, admitted that they were a corporation, doing business under the name of the New York Central Rail Road Company, but denied every other material allegation in the complaint. The cause was tried at the Yates circuit, in October, 1855, before Justice WELLES and a jury. The plaintiff proved the execution of the following agreement; and after proof had been given of the agency of Lanclot, offered the agreement in evidence.

" This agreement, by and between the New York Central Rail Road Company, by their agent, Edward Lanclot, of the first part, and Elisha W. Sherman, of Geneva, in the county of Ontario and state of New York, of the second part, made this tenth day of January, 1855, witnesseth : That the said Elisha W. Sherman, in consideration of the agreement hereinafter contained, to be performed by the New York Central Rail Road Company, or their agent above mentioned, agrees to sell the New York Central Rail Road Company three hundred cords of wood, consisting principally of oak and hickory, and to deliver the same to said New York Central Rail Road Company, on the Seneca canal, a short distance north of and below the storehouse of Hastings & Field, on the north side of said canal, between said canal and the old Auburn and Rochester rail road track ; said wood to be delivered within one year from the date hereof. And the said New York Central Rail road Company, by their agent aforesaid, hereby agree to pay, in consideration of the agreement aforesaid, the said Elisha W. Sherman nineteen shillings per cord. Payment for the same to be made from the 1st to the 15th of each and every month, at the freight office of said New York Central Railroad Company, at the village of Geneva aforesaid.            Signed,

EDWARD LANCLOT.   [L. S.]

ELISHA W. SHERMAN. [L. S.]

Witness, GEO. M. HORTON."

The counsel for the defendant objected to the reading of the

same in evidence, on the ground that it appeared to be the sealed contract of Lanclot with the plaintiff, and not the contract of the company. The court held the same to be inadmissible, and the same was not received or read as evidence, but allowed the plaintiff to proceed in the trial, for wood sold and delivered. Evidence was then given in respect to the quantity of wood delivered by the plaintiff to the defendants, and the value thereof.

The defendants then moved the court to grant a nonsuit on the following grounds, viz: 1st. This wood is proved to be the same sold and delivered by the plaintiff to Lanclot, under the written agreement, and not to the company. 2d. Upon the mere allegation of sale and delivery, there have been no sufficient unequivocal acts of delivery and acceptance; no treaty, no price, no measurement, and no use made of the wood by the defendants; and no delivery with intent to vest the title in the defendants. The court denied the motion for a nonsuit, and to this decision the counsel for the defendants excepted.

The evidence being closed, the defendants' counsel requested the court to compel the plaintiff to elect upon which count of the complaint he relied to support his action. The counsel for the plaintiff declined to make his election, and the court declined to require such election to be made; to which decision the counsel for the defendants excepted. The jury found a verdict in favor of the plaintiff for $365.75. And the defendants, upon exceptions taken at the circuit, moved for a new trial.

*Underwood, Cox & Avery,* for the defendants.

*E. Van Buren,* for the plaintiff.

*By the Court,* T. R. STRONG, J. The written contract for the sale and purchase of the wood, purports in the body of it to be between the plaintiff of one part, and the defendants by their agent Lanclot of the other part. It is signed by the plaintiff, and by Lanclot in his own name merely, a seal being annexed to each name, and is not executed in the name of the defendants. According to the cases of *Townsend* v. *Corning,* (23

*Wend.* 435,) and *Townsend* v. *Hubbard,* (4 *Hill,* 351,) this contract is void. It is not binding on Lanclot, as he did not profess or intend to contract for himself but for the defendants, from whom he had verbal authority to do so. Of course it is not binding on the defendants, not being executed in their name; and therefore the plaintiff is not bound by it. Adding a seal to the name of the agent, when he was not authorized to bind the defendants by seal, does not vary the case. The defendants would, notwithstanding the seal, be bound by the contract, as a simple contract, if it had been properly executed. (*Dubois* v. *The Delaware and Hudson R. R. Co.,* 4 *Wend.* 285. *Evans* v. *Wells,* 22 *Id.* 324, 341. *Lawrence* v. *Taylor,* 5 *Hill,* 107.)

But the plaintiff was entitled to recover upon the common counts for goods sold and delivered, if those counts were sustained by the proof. The case was submitted to the jury upon those counts only, and there was so much evidence in support of them, as to preclude interference by the court with the verdict for the plaintiff as unwarranted by the evidence.

The written contract should strictly have been received in evidence, not as a basis of recovery, but to show that it was void, and therefore that the plaintiff might resort to the common counts, notwithstanding the writing. As there was a contract in writing the plaintiff could not recover on the general counts, without producing or accounting for it. (*Ladue* v. *Seymour,* 24 *Wend.* 60. *Smith* v. *Smith,* 1 *Sand.* 206.) But it was produced and proved, and offered in evidence by the plaintiff, and excluded upon the defendants' objection, not that it was not proved, but that it was a contract between the plaintiff and Lanclot, and the defendants cannot now object to a recovery on the common counts, that it was not actually in evidence.

It was not necessary to allege in the common counts that Lanclot was agent of the defendants, and that he acted for them in the purchase; it was sufficient to allege a sale and delivery to the defendants, and proof that they acted by others who were their agents sustains the allegation.

The writing formed no obstacle to proving that Lanclot was

agent of the defendants and purchased the wood for them. All such evidence was entirely consistent with it, if that was necessary, the writing being void as a contract. Lanclot is represented therein as such agent, and as acting for the defendants.

I think no substantial error calling for a new trial has been committed, and that the judgment should be affirmed.

Judgment affirmed.

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]