## BIBB et al. v. BANCROFT.

## No. 12,253; October 30, 1889.

### 22 Pac. 484.

Agency—Instructions.—In an Action for Breach of a Contract by which plaintiff was to remove debris for defendant, the evidence showed that plaintiff, when seeking the contract, was referred by defendant to one C., and was told that anything he would do with him would be all right. On the question of agency, the court instructed as to the law of ostensible agency. Held, that the instruction was not irrelevant on the ground that an express agency only was shown by the evidence.

Agency—Evidence.—The Complaint Stated That "The Parties hereto entered into a contract," etc., and that "defendant agreed with said plaintiffs to pay them the prices stated," etc. Held, that evidence of either an express or ostensible agency in the person who made the contract with plaintiffs was admissible.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by D. H. Bibb and others against H. H. Bancroft for breach of contract. It appeared in evidence that plaintiffs, when seeking the contract, were referred by defendant to one Cook, and were told that anything they would do with him would be all right. The jury were instructed on the question of agency as follows: "Another instance is that of an agency known as an 'ostensible agency.' That exists in law where one either intentionally, or from want of ordinary care, induces another to believe that a third person is his agent, although he never in fact employed him. In other words, one may actually create another his agent, and one may, on the other hand induce a third person to believe another his agent, and to act with him as such; in which event the principal would be liable for the acts of the agent." Judgment for plaintiffs and defendant appeals.

Estee, Wilson & McCutchen for appellant; C. H. Parker and Alex. G. Eells for respondents.

PATERSON, J.—Plaintiffs alleged in their complaint that on the fourteenth day of May, 1886, they entered into an

agreement with the defendant, by the terms of which they were to remove certain debris from a lot owned by the defendant in the city and county of San Francisco, and that they were to be paid a certain price for each load of materials so removed by them. The defendant denied in his answer that any contract had been made between him and the plaintiffs. This denial raised the principal issue presented at the trial. The testimony fully sustains the allegations of the complaint. The most that can be claimed fairly by the defendant is that there is a conflict in the evidence. Under the well-established rule, therefore, this court will not interfere with the verdict or the judgment. We see no error in the rulings of the court in admitting testimony. The fact of agency, actual and ostensible, was so clearly established by the evidence, direct and indirect, that the verdict could not well have been other than it was without the testimony objected to. There was no error in the instructions of the court. Under the pleadings, it was proper for the plaintiffs to introduce any evidence tending to show an agency, either express or ostensible. That there was in Cook an express agency of some kind concerning the subject matter there can be no doubt whatever. The only question was as to its extent. The plaintiffs were not obliged under their complaint to rely upon evidence of actual agency in Cook. Judgment and order affirmed.

We concur: Works, J.; Fox, J.