GEORGE F. DUYSTERS, DEFENDANT IN ERROR, v. THERON C. CRAWFORD, PLAINTIFF IN ERROR.

Submitted March 18, 1903—Decided August 25, 1903.

A letter written by plaintiff to defendant's attorney, purporting to show that he and the defendant had agreed upon the amount of fees to be paid to plaintiff and also to set forth the terms of the agreement, is inadmissible as evidence unless it constitutes part of the *res gestæ,* or is made in the presence of the opposite party and is acquiesced in by him.

On error to Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in error, *Theodore Rurode, George W. Flaacke, Jr.,* and *Frederick R. Kellogg.*

For the defendant in error, *George T. Vickers* and *George S. Hobart.*

PER CURIAM.

This suit was brought upon the common counts to recover a claim for legal services rendered during a period of three years and three months, terminating about April 1st, 1896. The bill of particulars consisted of a single charge for these

services of $2,000. It contained also a credit on account of $500. There was a verdict and judgment for the plaintiff below in the sum of $1,996. This judgment has been removed into this court by writ of error.

The plaintiff below based his right to recover the amount of $2,000 on the ground that it was an account stated and the result of a parol agreement of settlement made between him and the defendant at a personal interview, which took place at the office of the latter's attorney in New York City. In addition to his other evidence, the plaintiff offered in support of this contention a letter, written by himself to the defendant's attorney, dated March 23d, 1896, purporting to show that he and the defendant had agreed upon the amount of the former's fees, and also to set forth the terms of the agreement. It further appeared that this letter was written and delivered to defendant's attorney four days after the making of the alleged agreement of settlement to which the letter referred. Upon proof of the letter being made it was offered in evidence. Objection to its admission was duly interposed by the defendant. The objection was overruled and the letter admitted in evidence. To this ruling exception was allowed and sealed and error has been duly assigned thereon.

To better understand the character and effect of this ruling it should be stated that the supposed agreement was not made to settle the amount of an existing indebtedness of defendant to plaintiff for legal services, the value of which had not been fixed by contract. It was rather the result of an effort on the part of the defendant, who was largely interested in certain gaslight companies, to terminate the plaintiff's connection therewith as counsel and also as the holder of shares in said companies, which had come to him in consideration of his legal services in their organization and management, and an incidental object was to obtain the possession of certain papers and contracts of the companies then in the plaintiff's hands as such counsel. This appears from the plaintiff's statement of the agreement in his

testimony. He says, "We agreed that I should surrender all the papers in my possession together with my contract which I had with him for stock, and for a ten per cent. interest in all the foreign patents, and release him absolutely and in full for all claims and demands whatever for the sum of $2,000."

The defendant was in England at the time of the trial, but his deposition had been taken and was in evidence. In his testimony he denied making the agreement in question or any agreement to pay more than had already been paid to the plaintiff by the defendant or his attorney. It is unnecessary to further review the evidence on either side.

From the foregoing it must appear that the use of the letter, referred to in corroboration of the plaintiff's testimony, was likely to have weight with the jury in prejudice of the defendant's rights. The letter, in addition to indicating that the amount had been agreed upon, also declared that upon receipt of the amount named, which was stated to be $2,500, he, the plaintiff, was to turn over to the defendant's attorney the stock and sign receipts in full. In order to give further effect to this letter in the plaintiff's behalf, the latter was afterwards permitted, over objection and exception, to refer to the terms of this letter and to explain its contents and to account for the discrepancy in the amount by saying that "on the 20th of March he agreed to pay me $2,500; subsequently, in April, he withdrew that offer and only offered $2,000, which was the agreement."

There is no question here of assent to or acquiescence in the statement of the letter by the defendant, for the plaintiff also offered in connection with the letter to the defendant's attorney the latter's reply, which was to the effect that he had no information from the defendant as to any agreement fixing the amount of the fees, and that the writer was in doubt whether the plaintiff's bill was against the company or against the plaintiff. That such a self-serving declaration is inadmissible as evidence unless it constitutes a part of the *res gestæ,* or is made in the presence of the opposite party and

is acquiesced in by him, is a principle so elementary as not to require any citation of authority in its support.

The defendant in error has not cited any authority in support of the admission of his evidence. The only semblance of justification offered is that the answer to the letter was put in with the letter itself; but the answer, as before stated, was offered by the plaintiff also and therefore could not possibly have the effect suggested by the plaintiff.

We think the admission of the letter was injurious error, and since the result must be a reversal of the judgment the other assignments of error need not be considered.

The judgment will be reversed, and a *venire de novo* issued.