## CANNON v. BANNON.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. HUSBAND AND WIFE (§ 25*)—HUSBAND AS WIFE'S AGENT—EVIDENCE—SUFFICIENCY.

    In an action against a married woman for a broker's commission for procuring a purchaser for her land, her testimony that her affairs were absolutely in her husband's hands showed general authority empowering him to employ the broker.

    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148–151, 153, 154, 525; Dec. Dig. § 25.*]

2. PRINCIPAL AND AGENT (§ 189*)—AGENT'S ACT AS PRINCIPAL'S.

    In an action for broker's commissions, plaintiff could show an employment by defendant's agent under allegation of employment by defendant.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 713–717; Dec. Dig. § 189.*]

Appeal from Trial Term, New York County.

Action by William F. Cannon against Georgie L. Bannon. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Edward J. Welch, of New York City, for appellant.
Joseph H. San, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. This action is brought by the assignee of one Russell for broker's commissions in procuring a purchaser of certain real property of the defendant. The plaintiff's evidence tends to show that Russell was employed by the defendant's husband to procure a purchaser of the said premises, upon an express agreement that he should receive 5 per cent. of the purchase price for his services, and that he procured a purchaser with whom an enforceable contract of purchase and sale was made.

[1] The complaint was dismissed, apparently on the theory that it was not shown that the husband was the defendant's authorized agent. Her testimony on that head was as follows:

"My affairs were absolutely in Mr. Bannon's hands. Q. And he acted for you? A. Entirely and absolutely. * * * Q. What did you say to him? A. The authority that all wives should give their husbands. The authority that I think a wife should give a husband to take these matters in hand. I said nothing at all. It was in his hands. It was his business absolutely. I was the owner of the property. He handled it for me absolutely. It was bought with my money, and handled by Mr. Bannon absolutely. He did everything that was necessary."

She denied having given special authority to employ a broker, but it is difficult for us to understand how broader general authority could have been shown.

[2] The respondent seeks to sustain the judgment on the ground that the plaintiff pleaded an employment by the defendant, and that it was not competent to show an employment by an agent; but, of course, the act of the agent is the act of the principal. The ultimate facts only have to be stated in a pleading.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.