## WENDELL HUSTON v. ELOF JOHNSON.

### (151 N. W. 774.)

**Self-serving declarations — admissibility.**

    1. As a rule, self-serving declarations, whether oral or written, are inadmissible.

**Letter — statements in, favorable to sender — self-serving declaration.**

    2. As a rule, a letter containing statements favorable to the sender is not admissible for himself, but should be excluded as a self-serving declaration.

**Evidence — incompetent — admitting of at trial — error — prejudice — appellate court — preponderance — verdict.**

    3. Where incompetent evidence is admitted over objection, before such error can be disregarded as nonprejudicial, it must appear that the error did not and could not have prejudiced the rights of the complaining party. And the case must be such that the appellate court is not called upon to decide, from the preponderance of the evidence that the verdict was right, notwithstanding the error complained of.

**Purchasers for lands — procuring — authority — evidence of — agency — proof of — error.**

    4. The defendant claimed that he never authorized the plaintiff to procure purchasers for his land, but that he made some such agreement with a man in charge of plaintiff's office in the absence of plaintiff, and that this was the only authority plaintiff could have acted upon in procuring purchasers. Defendant offered testimony to show the terms of such agreement. This evidence was excluded by the trial court on the theory that, before such evidence could be admitted, the defendant must establish the fact that such person was the duly authorized agent of the plaintiff. *Held,* that the exclusion of this testimony was error.

**Pleadings — agreement — evidence — agent.**

    5. Under an allegation in the answer that a certain agreement was entered

into between the plaintiff and the defendant, evidence is admissible to show that such agreement was made with the defendant by plaintiff's agent.

### On Petition for Rehearing.

6. The general rule that objections to evidence must be specific admits of this exception, that if they cannot in any manner be obviated, or if the evidence is clearly inadmissible for any purpose, a general objection will suffice.

7. Plaintiff offered in evidence a copy of a letter, which plaintiff claimed he had written to the defendant, the contents of which were largely self-serving declarations. The evidence already admitted at that time showed that defendant had not received the letter. *Held*, that a general objection to such letter that it was "irrelevant, incompetent, and immaterial" was sufficient; and that the admission of such letter over such objection was error.

Opinion filed February 17, 1915. On petition for rehearing March 19, 1915.

From a judgment of the District Court of Stutsman County, *Coffy,* J., defendant appeals.

Judgment reversed and new trial ordered.

*A. B. Darelius,* for appellant.

The essential and necessary rules of law governing the admission of secondary evidence were not complied with. A notice to produce the original letter was not given. Read v. Chambers, — Tex. Civ. App. —, 45 S. W. 742; Jameson v. Officer, 15 Tex. Civ. App. 212, 39 S. W. 190; Smith v. Holbrook, 99 Ga. 256, 25 S. E. 627; Foster v. Newbrough, 58 N. Y. 481; Westinghouse Co. v. Tilden, 56 Neb. 129, 76 N. W. 416; 11 Am. & Eng. Enc. Law, 497, and cases cited.

*Geo. W. Thorp* and *Russell D. Chase,* for respondent.

Where both a general and specific denial are employed in a pleading, the scope of the general denial is limited to the issues raised by the specific denials. It really amounts to a notice to the other party that only enumerated defenses will be relied upon. 31 Cyc. 694, 695, and cases cited; Pom. Code Rem. §§ 516, 517, 521.

The admission in evidence of a copy of a letter or other writing, if error, was immaterial and without prejudice, for the reason that, prior to the letter, appellant had already received notice of the facts contained, and had acted upon them. Rev. Codes 1905, § 6886; S. J. Vidger Co. v. Great Northern R. Co. 15 N. D. 501, 107 N. W. 1083; South Beach Land Asso. v. Christy, 41 Cal. 501; 2 Spelling, New Trial, § 689; Aultman, Miller Co. v. Jones, 15 N. D. 130, 106 N. W.

688; Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44; Gaffney v. Mentele, 23 S. D. 38, 119 N. W. 1030; Putnam v. Custer County, 25 S. D. 542, 127 N. W. 641; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Fowler v. Iowa Land Co. 18 S. D. 131, 99 N. W. 1095, and cases cited; Cochrane v. National Elevator Co. 20 N. D. 169, 127 N. W. 725; Stephens v. Faus, 20 S. D. 367, 106 N. W. 56; Cairncross v. Omlie, 13 N. D. 387, 101 N. W. 897; 2 Enc. Pl. & Pr. 500, and cases cited; Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 462, 123 N. W. 281; Benjamin v. Huston, 16 S. D. 569, 94 N. W. 584; Waldner v. Bowden State Bank, 13 N. D. 604, 102 N. W. 169, 3 Ann. Cas. 847; Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Sloan v. Citizens' Nat. Bank, 1 Neb. (Unof.) 295, 95 N. W. 480; Davis v. Holy Terror Min. Co. 20 S. D. 399, 107 N. W. 374; State v. La Croix, 8 S. D. 369, 66 N. W. 944; Mathews v. Silvander, 14 S. D. 505, 85 N. W. 998; Muller v. Flavin, 13 S. D. 595, 83 N. W. 687.

If the evidence is slight or irrelevant, or if without it. the fact is conclusively shown by other evidence, it may be disregarded because it could not have caused injury. State v. Staber, 20 N. D. 545, 129 N. W. 104; State v. Chase, 17 N. D. 429, 117 N. W. 537, 17 Ann. Cas. 520; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; State v. Denny, 17 N. D. 519, 117 N. W. 869; State v. Guy, 25 S. D. 144, 125 N. W. 570; Miller v. McConnell, 23 S. D. 137, 120 N. W. 888; Kelly v. Pierce, 16 N. D. 234, 12 L.R.A. (N.S.) 180, 112 N. W. 995; Kepner v. Ford, 16 N. D. 50, 111 N. W. 619; Greenwald v. Ford, 21 S. D. 28, 109 N. W. 516; Gale v. Shillock, 4 Dak. 182, 29 N. W. 661; Yankton Bldg. & L. Asso. v. Dowling, 10 S. D. 540, 74 N. W. 439; Stewart v. Gregory, C. & Co. 9 N. D. 618, 84 N. W. 553; Morrison v. Oium, 3 N. D. 76, 54 N. W. 288; Braithwaite v. Aikin, 1 N. D. 455, 48 N. W. 354; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; United States v. Adams, 2 Dak. 305, 9 N. W. 718; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 526, 67 N. W. 1052; State v. McGahey, 3 N. D. 293, 55 N. W. 753; Farrell v. Edwards, 8 S. D. 425, 66 N. W. 812; Taylor v. Neys, 11 S. D. 605, 79 N. W. 998; Hermiston v. Green, 11 S. D. 81, 75 N. W. 819; Fisher v. State, 1 Penn. (Del.) 388, 41 Atl. 184; Gilbert v. Moline Plough Co. 119 U. S. 491, 30 L. ed.

476, 7 Sup. Ct. Rep. 305; United States v. Homestake Min. Co. 54 C. C. A. 303, 117 Fed. 481, 22 Mor. Min. Rep. 365; Dennett v. Reisdorfer, 15 S. D. 466, 90 N. W. 138; Morris v. Hubbard, 14 S. D. 525, 86 N. W. 25; A. G. Becker & Co. v. First Nat. Bank, 15 N. D. 279, 107 N. W. 968; State use of Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A.(N.S.) 227, 115 N. W. 846; Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215; Buchanan v. Randall, 21 S. D. 44, 109 N. W. 513; State v. Moeller, 20 N. D. 114, 126 N. W. 568; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; Neeley v. Roberts, 23 S. D. 604, 122 N. W. 655; State v. Frazer, 23 S. D. 304, 121 N. W. 790.

Notice to produce a document as a prerequisite to the admission of secondary evidence of its contents is only required when the instrument is or may be presumed to be in the possession or under the control of the other party. 17 Cyc. 558, and cases cited; Briggs v. Hervey, 130 Mass. 186; Roberts v. Spencer, 123 Mass. 397; Bickley v. Bickley, 136 Ala. 548, 34 So. 946; Hagaman v. Gillis, 9 S. D. 61, 68 N. W. 192; Nichols v. Charlebois, 10 N. D. 446, 88 N. W. 80; 5 Words & Phrases, 4275, and cases cited; Brooks, Boardman & Ford v. Day, 11 Iowa, 46; People ex rel. Soer v. Crane, 125 N. Y. 535, 26 N. E. 736.

Where facts and inferences are blended to an objectionable extent, the statement of facts may still be received if separable from the inferences. 17 Cyc. 216, 217, 223, 224, and cases cited; Townsend v. Briggs, 3 Cal. Unrep. 803, 32 Pac. 307; Neal v. Field, 68 Ga. 534; Fred Miller Brewing Co. v. De France, 90 Iowa, 395, 57 N. W. 959; Jones v. Fuller, 19 S. C. 66, 45 Am. Rep. 761; Knight v. Knight, 178 Ill. 553, 53 N. E. 306; Baltes Land, Stone & Oil Co. v. Sutton, 32 Ind. App. 14, 69 N. E. 179; Bellows v. Crane Lumber Co. 119 Mich. 424, 78 N. W. 536; Olson v. O'Connor, 9 N. D. 504, 81 Am. St. Rep. 595, 84 N. W. 359.

If a statement of inference, conclusion, or judgment is accompanied by an enumeration of the facts on which it is based, any error is usually harmless. The jury can estimate the probative value of the entire statement. 17 Cyc. 60, 61; Central R. Co. v. Allmon, 147 Ill. 471, 35 N. E. 725, 11 Am. Neg. Cas. 371; Hanish v. Kennedy, 106 Mich. 455, 64 N. W. 459; Larson v. Lombard Invest. Co. 51 Minn. 141, 53

N. W. 179; Burdick v. Haggart, 4 Dak. 13, 22 N. W. 589; Anderson v. First Nat. Bank, 6 N. D. 497, 72 N. W. 916; Braithwaite v. Aikin, 1 N. D. 455, 48 N. W. 354; 1 Hill's Dig. pp. 151–153, 158–161; Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; 3 Cyc. 386, and cases cited; Costa v. Silva, 127 Cal. 351, 59 Pac. 695, 20 Mor. Min. Rep. 330; Jersey Island Dredging Co. v. Whitney, 149 Cal. 269, 86 Pac. 509, 691; Springfield v. Coe, 166 Ill. 22, 46 N. E. 709, 2 Am. Neg. Rep. 11; Joliet v. Johnson, 177 Ill. 178, 52 N. E. 498; Brittenham v. Robinson, 18 Ind. App. 502, 48 N. E. 616; Hollenbeck v. Marion, 116 Iowa, 69, 89 N. W. 210; Sparks v. Galena Nat. Bank, 68 Kan. 148, 74 Pac. 619; Sun Ins. Office v. Western Woolen-Mill Co. 72 Kan. 41, 82 Pac. 513; Chicago, R. I. & P. R. Co. v. Holmes, 68 Neb. 826, 94 N. W. 1007; Burrell v. Gates, 112 Mich. 307, 70 N. W. 574; Butler v. Delafield, 1 Cal. App. 367, 82 Pac. 260; Miller v. Green, 3 Ariz. 205, 73 Pac. 399; Murphy v. Coppieters, 136 Cal. 317, 68 Pac. 970; Knox v. Noble, 25 Kan. 449; Aultman, Miller Co. v. Jones, 15 N. D. 130, 106 N. W. 688; German Sav. & L. Soc. v. Collins, 145 Cal. 192, 78 Pac. 637; Raymond v. Glover, 122 Cal. 471, 55 Pac. 398; Chicago & A. R. Co. v. Esten, 178 Ill. 192, 52 N. E. 954; Lake Erie & W. R. Co. v. Rinker, 16 Ind. App. 334, 45 N. E. 80; Medearis v. Anchor Mut. F. Ins. Co. 104 Iowa, 88, 65 Am. St. Rep. 428, 73 N. W. 495; Williams v. Griffin Wheel Co. 84 Minn. 279, 87 N. W. 773; Missouri P. R. Co. v. Fox, 60 Neb. 531, 83 N. W. 744, 8 Am. Neg. Rep. 463; La Rue v. Smith, 153 N. Y. 428, 47 N. E. 796; Schweikert v. Seavey, 6 Cal. Unrep. 554, 62 Pac. 600; Vindicator Consol. Gold Min. Co. v. Firstbrook, 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108; Camp v. Dixon, 112 Ga. 872, 52 L.R.A. 755, 38 S. E. 71; Gibson v. Burlington, C. R. & N. R. Co. 107 Iowa, 596, 78 N. W. 190; Service v. Deming Invest. Co. 20 Wash. 668, 56 Pac. 837; 2 Decen. Dig. Appeal & Error, §§ 1050–1052 (2); 2 Hill's Dig. Appeal & Error, pp. 101–107.

Agency must always be pleaded in order that proof of its existence may be offered or introduced. G. W. Loverin-Browne Co. v. Bank of Buffalo, 7 N. D. 569, 75 N. W. 923; Gordon v. Vermont Loan & T. Co. 6 N. D. 454, 71 N. W. 556.

The fact of agency cannot be proved by the agent's declarations. Piano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; 31 Cyc. 1655, 1656, and cases cited.

CHRISTIANSON, J. This is an appeal from a judgment in favor of the plaintiff for a real estate broker's commission. The case was tried before a jury, and a verdict returned for the plaintiff for $4,000, and from the judgment entered on such verdict, this appeal is taken. There is a square conflict between the plaintiff and defendant upon the principal questions at issue. The plaintiff is a real estate broker living at Carrington, North Dakota. The defendant is a farmer living in Stutsman county, where he owns two tracts of land located only a short distance apart, aggregating 960 acres. The plaintiff in his complaint alleges that the defendant employed him as a broker to sell 480 acres of this land for not less than $14,000, and that the plaintiff was to receive for his commission whatever he might receive over $14,000 therefor. That, thereafter he found certain purchasers who were ready, able, and willing to buy these lands and pay therefor the sum of $18,000. The defendant in his answer asserts that no such agreement was made, but that the plaintiff agreed to sell the entire 960 acres for $26,000. The 480-acre tract which plaintiff claims to have sold was that portion of the tract on which all the buildings were located. There is also a square conflict under the testimony as to when, where, and in what manner and upon what terms the contract of employment between the plaintiff and the defendant was made. Plaintiff testified that the defendant came to his office at Carrington between August 27 and September 1, and at that time stated that he wanted plaintiff to sell some land he had near Edmunds consisting of two parcels, and that plaintiff stated he would have to sell it out in parcels, and that it would be impossible to get one purchaser to buy the whole amount of both tracts; and that the defendant gave a price of $25 per acre if the entire amount of both tracts were sold, or $14,000 for a 480-acre tract on which the buildings were located, and $12,000 for the other tract. Plaintiff further testified that in accordance with this agreement, he procured two purchasers who were willing to buy the 480-acre tract on which the building was located for $18,000, and that he entered into preliminary contracts with them, and that immediately after the deal had been made, he called the defendant on the telephone and notified him of the fact that the land had been sold; that the defendant stated that he was busy and could not get up to Carrington for a couple of days. Plaintiff further claims

that a couple days' after the telephone conversation he wrote the defendant; that he kept a copy of the letter and mailed the original in the postoffice at Carrington, addressed to Elof Johnson at Edmunds, North Dakota. Without any further foundation a copy of the letter was offered and received in evidence, over objection, that the same was irrelevant, incompetent, and immaterial, and that no foundation for its introduction had been laid. The letter so received in evidence was as follows:

Exhibit "B."

October 23, 1911.

Mr. Elof Johnson,
        Edmunds, N. Dak.
Dear sir:—

I have sold your farm, the west half of 15, and northwest quarter of 22, which you had listed with me. This farm is well sold. The parties who bought it are wealthy Illinois farmers, and can pay out in five years the entire amount due, after making a first payment. Wish you would call at once and we will close the matter up. Have contract for deed with abstract sent to them at once, and first payment will be turned over to you. Will say that I would like part of this first payment to pay my agents with, but I am sure you will do what is right, and I want to talk with you and we can arrange matters satisfactorily at that time. I called you up this morning but was told that you had gone to Jamestown, and I look for you back up here on to-day's train.

Hoping to see you soon, I remain,
                    Yours very truly,

The defendant denied having received the letter of which exhibit "B" purports to be a copy, and the plaintiff admitted that when defendant came to Carrington to see him regarding the proposed land sale, some time subsequent to the sending of the letter, he made no reference thereto, and in no manner acknowledged its receipt. No notice to produce the original was served upon defendant or his counsel, and no other foundation than that above indicated laid for its introduction. An exception was saved to the court's ruling in admit-

ting exhibit "B," and its reception is one of the errors presented on this appeal. Defendant, on the other hand, contends that the agreement under which plaintiff acted in obtaining the purchasers for the land was entirely different, and made in an entirely different manner, and upon entirely different terms than those asserted by the plaintiff. In the first place, defendant claims that he had no talk with the plaintiff personally, but that some time in the first part of September, 1911, while in Carrington, he went to the plaintiff's office, and, upon inquiry from the stenographer whether the same was a land office or not, was informed that it was, and that the stenographer thereupon called some man from the back part of the office, and that this defendant then gave to such man, in plaintiff's office, the description of the land and the prices and terms at which the defendant was willing to sell the same. The defendant also claims that at that time he stated that the entire two tracts of 960 acres must be sold at $26,000, and that the defendant was not willing to sell any part unless he sold the whole thereof. Defendant claims that this was the only time he ever extended any authority to plaintiff to sell the land, or ever gave any terms upon which he would make sale, and that therefore if plaintiff made sale at all, that he was bound by and must act under the arrangement so made at that time. Defendant further claims that some time subsequent thereto the plaintiff came to the defendant's farm, and at this time the plaintiff stated that he was going to find a purchaser for the land, but no terms of sale were discussed, and that subsequent thereto defendant received a telephone message from the plaintiff, and that defendant thereupon went to Carrington and had some talk with the plaintiff in the bank regarding the proposed sale, but that during none of these talks did the defendant in any manner agree to any deviation from the terms of sale proposed by him to the man in the plaintiff's office. The trial court sustained objections to the testimony of the defendant with reference to the conversation the defendant claimed to have had with the man in plaintiff's office, on the apparent theory that it was incumbent upon the defendant to prove that the person with whom he talked had authority to represent the plaintiff. The defendant's counsel, therefore, made an offer of proof as follows: "At this time the defendant offers to show that on or about the 1st of September, 1911, he went to the plaintiff's office, in Carrington, North Dakota, and at that time met

the stenographer or lady clerk in Mr. Huston's office, who called from the private office some man who represented to Mr. Johnson that he was the agent of Mr. Huston, and that Mr. Johnson at that time gave him a description of his lands, the lands mentioned in the complaint and the three quarters additional mentioned by the witness on the stand, and at that time told him that the whole land was for sale at $26,000 net to the defendant, with one half cash and the balance on time at 6 per cent interest per annum; that in case the same was sold, that the plaintiff should receive from the purchasers such sum over and above that amount as he might sell these six quarter sections of land for. At this time we will offer to show, by the defendant on the witness stand, that at this time, the man at Mr. Huston's office with whom Mr. Johnson talked, told Mr. Johnson that the six quarter sections would be a very large lot of land to sell at one sale, and asked if it could not be sold in separate parcels; that Mr. Johnson at that time informed this man at Mr. Huston's office that he would, in no event, sell the land that had the buildings on, unless it was all sold, and that the land must net him $26,000, or the three quarters with the buildings, $25 per acre, and the balance $14,000." In addition to the offer, proper questions were asked by the defendant's counsel for the purpose of eliciting this testimony, but such testimony was all excluded, and before the close of the case all references to the conversation, even that elicited on cross-examination, was, upon motion of plaintiff's attorney, stricken out and eliminated from the jury's consideration. Exceptions were taken to the several rulings of the court in excluding this testimony, and such rulings are presented as error on this appeal.

Did the trial court err in admitting exhibit "B" in evidence, and if so was the error prejudicial to the rights of the defendant? This letter was not offered as a part of a general correspondence. There is no evidence that defendant in any manner acknowledged its receipt, or acted or agreed to act thereon. The undisputed testimony is to the contrary. It will be observed that the letter contains several statements favorable to the plaintiff. It is not in the nature of a mere notice or demand, but particularly describes the 480-acre tract by legal numbers, and states as a fact that this tract had been listed with him. The letter further commends the sale, and states that the purchasers are wealthy Illinois farmers. The letter does not call for an answer,

but is a self-serving declaration on the part of the plaintiff, presenting the transaction in as favorable light to him as possible. In Fearing v. Kimball, 4 Allen, 125, 81 Am. Dec. 690, it was said: "The general rule that a party cannot make evidence for himself by his written communications addressed to the other party, as to the character of dealings between them, or the liability of the party to whom they are addressed, in the absence of any reply assenting to the same, is well settled, . . . a party cannot make evidence for himself by his own declarations." And in Jones on Evidence, vol. 3, § 583, p. 767, it is said: "It is almost unnecessary to say that the sender may not use his own letters against the sendee without proof of the receipt of them, or that the sendee in some manner acted or agreed to act upon them; otherwise it would amount to the party making evidence for himself." We are clearly satisfied that the reception of this letter in evidence was error. Seevers v. Cleveland Coal Co. 158 Iowa, 574, 138 N. W. 793; Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094; Largent v. Beard, — Tex. Civ. App. —, 53 S. W. 90; Riddell v. Jenkins, 109 App. Div. 463, 95 N. Y. Supp. 702; Havens v. Gilmour, 83 App. Div. 84, 82 N. Y. Supp. 511; Duysters v. Crawford, 69 N. J. L. 614, 55 Atl. 823; United States Exp. Co. v. Long, 105 Ark. 130, 150 S. W. 576; Hutchinson v. Nay, 183 Mass. 355, 67 N. E. 601; Gearty v. New York, 183 N. Y. 233, 76 N. E. 12; Smith v. Shoemaker, 17 Wall. 630, 21 L. ed. 717; 16 Cyc. 1202; Mulroy v. Jacobson, 24 N. D. 354, 139 N. W. 697.

Respondent contends, however, that even though it was error to admit exhibit "B," that such error was not prejudicial. We are unable to sustain this contention. In this case the material facts depended almost entirely upon the testimony of the plaintiff and defendant, and it is obvious that any fact or circumstance which might or would be likely to cause the jury to give greater credence to the testimony of one of these parties could not be brushed aside with the mere assertion that it was immaterial, and that there is sufficient competent testimony to sustain the verdict. The letter must have been offered for some purpose. We cannot be expected to presume that it was offered as a mere idle ceremony. Plaintiff must have expected that it would aid his cause, and that its contents would weigh with the jury in considering the testimony in the case. The statements in the letter were favorable

to the plaintiff. These statements were self-serving declarations. The letter was clearly incompetent, and should have been excluded. Nor would we be justified in saying that this letter had no effect upon the minds of the jury. In considering a similar proposition, the court of appeals of the State of New York in the case of Gearty v. New York, 183 N. Y. 233, 238, 76 N. E. 12, 14, says: "Nor can we properly say that the evidence was harmless. The trial was before a jury, and these statements . . . may have had considerable weight with the jury. The burden is on the respondent to show that the reception of the letter was harmless, and this he has failed to do. Foote v. Beecher, 78 N. Y. 155; Jefferson v. New York Elev. R. Co. 132 N. Y. 483, 30 N. E. 981; People v. Strait, 154 N. Y. 165, 171, 47 N. E. 1090." In the case of Smith v. Shoemaker, 17 Wall. 630, 21 L. ed. 717, the Supreme Court of the United States considered the same question. In that case, also, certain letters were received in evidence over objection, and on appeal it was contended that the admission of such letters was error without prejudice. In disposing of this contention that court said: "We repeat the doctrine of this court laid down in Deery v. Cray, 5 Wall. 795, 18 L. ed. 653, that while it is a sound principle that no judgment should be reversed on error when the error complained of worked no injury to the party against whom the ruling was made, it must appear so clear as to be beyond doubt that the error did not and could not have prejudiced the right of the party. The case must be such that this court is not called on to decide upon the preponderance of evidence that the verdict was right, notwithstanding the error complained of." 17 Wall. 630, 639, 21 L. ed. 717, 719. We are satisfied that the admission in evidence of exhibit "B" was error, prejudicial to the rights of the defendant.

We are also satisfied that the trial court erred in excluding the evidence offered by the defendant relative to what took place at the time he made arrangements for the sale of his lands at the plaintiff's office. The ruling of the trial court in excluding this evidence was based upon the theory that it was incumbent upon the defendant to show that the person with whom he had his negotiations at plaintiff's office actually represented the plaintiff. This is clearly erroneous, for the reason that the defendant claims that this is the only arrangement he ever made with plaintiff to sell his lands. And from defendant's stand-

point, therefore, if plaintiff had any authority whatsoever to sell the lands of defendant, it must have been under and by virtue of the terms mentioned in the conversation between defendant and the man in charge of plaintiff's office. Because defendant contends that he never saw plaintiff or anyone else representing plaintiff in regard to the sale of these lands until after plaintiff notified him that he had procured purchasers. Therefore, from defendant's standpoint, it is obvious that if plaintiff had any arrangement with defendant whatsoever authorizing him to procure such purchasers, it must have been the one plaintiff asserts that he made with the man in charge of plaintiff's office. And therefore, if defendant's version is correct, it is obvious that the person in charge of plaintiff's office must either have been authorized to represent plaintiff, or the plaintiff by acting under such arrangement ratified his acts. It is true that plaintiff claims that defendant came to his office at Carrington and made an entirely different arrangement with plaintiff personally, but this fact would not preclude the defendant from presenting his side of the controversy, and it would then be for the jury to say who was right or who was wrong in his contention in the matter. The mere fact that defendant's version was denied by plaintiff in no manner affected its admissibility, or changed the rules of evidence relating thereto. By the court's ruling, defendant was prevented from presenting to the jury his side of the controversy relating to the terms and conditions of the contract of employment.

Respondent, however, contends that the court properly excluded the testimony relative to the arrangement made with the man in charge of plaintiff's office by the defendant, for the reason that the defendant's answer does not plead the fact that he made such agreement with an agent of the plaintiff, but merely pleads in general terms that such agreement was made between plaintiff and defendant. This contention is of no merit. It was not necessary for the defendant to plead agency. Such evidence was admissible under the allegations of the answer, denying the contract set out in the complaint, and alleging a different contract between plaintiff and defendant. Weide v. Porter, 22 Minn. 429; Sherman v. New York C. R. Co. 22 Barb. 239; Cannon v. Bannon, 151 App. Div. 693, 136 N. Y. Supp. 139; Bibb v. Bancroft, 3 Cal. Unrep. 151, 22 Pac. 484; Poole v. Hintrager, 60 Iowa, 180, 14 N. W. 223; Acme Harvester Co. v. Curlee, 77 Neb. 666, 110 N. W. 660;

Child v. Gillis Constr. Co. 42 Utah, 120, 129 Pac. 356. The errors in the admission and rejection of evidence deprived the defendant of a fair trial. The judgment is reversed and a new trial ordered.

## On Petition for Rehearing.

CHRISTIANSON, J. A reversal of the judgment in this case was ordered for errors in the exclusion and admission of testimony. In the former opinion we held that the admission of a certain letter (exhibit B) was prejudicial error. A petition for rehearing forcibly presents the proposition that no sufficient objection was made to this exhibit. The objection, as stated in the former opinion, was that the same was "irrelevant, incompetent, and immaterial, and no foundation for its introduction had been laid." The facts surrounding the admission of the evidence, as well as the reasons for the incompetency thereof, were fully set forth in the former opinion. In view, however, of the proposition raised by respondent's counsel in the petition for rehearing, we deem it desirable to more fully discuss this matter, so that no erroneous inference may be drawn from the opinion in this case.

Upon the trial of the action, the first witness called in behalf of the plaintiff was the defendant, Johnson, who was called for cross-examination under the statute, and it was upon such cross-examination that Johnson first testified to the agreement which he claimed he made with a man in charge of plaintiff's office as set forth in the former opinion; and notwithstanding the fact that this testimony was first elicited by plaintiff's own counsel upon such cross-examination of the defendant, the trial court refused to permit defendant's counsel to make any inquiry into the same subject when defendant was testifying in his own behalf, and afterwards, upon the motion of the plaintiff's attorney, the court struck out all the testimony relative thereto, including that elicited by plaintiff's own attorney upon the cross-examination. During such cross-examination the defendant Johnson specifically denied having received any letter whatever from the plaintiff, Huston. Johnson admitted, however, having received a telephone communication from the plaintiff, and also that a short time thereafter he went to Carrington to see the plaintiff. Subsequent to defendant's cross-examination, the plaintiff testified that after he had procured the purchasers,

and closed the deal with them, that he called the defendant on the telephone and notified him of the fact that the land had been sold. This telephone conversation, as already stated, was admitted by defendant during his cross-examination. Plaintiff thereupon proceeded to testify that a couple of days after the telephone conversation, he wrote a letter to the defendant, of which exhibit B was a copy. Plaintiff stated that the defendant came to Carrington the day after the letter was written, and that they had some conversation regarding the land transaction, but plaintiff admitted that during their conversation no reference was made to the letter, and that the defendant in no manner admitted its receipt. It appears, therefore, from the evidence that the defendant came to Carrington at the time designated in the telephone conversation. The question of notice of the sale was not involved, as prior to the time the letter was offered, plaintiff and defendant had both testified to the telephone conversation, during which, as conceded by both, plaintiff stated to the defendant that he had procured purchasers for defendant's lands. At the time the letter was offered, there was no testimony tending to show that its contents had ever been made known to the defendant, while there was the positive testimony of the defendant that he had never received it. The letter speaks for itself, and is clearly self-serving. The letter, under the testimony in this case, was merely a statement presenting a part of the transaction from the plaintiff's standpoint,—a written statement made in the absence of the defendant,—the contents of which had never been communicated to or acted upon by him. It was therefore clearly incompetent, not only as a self-serving declaration, but as hearsay.

It is doubtless true, as plaintiff's attorney asserts, that a general objection to evidence generally is insufficient, and that this doctrine has been repeatedly announced by this court. We have no desire to disapprove or depart from any of the decisions heretofore handed down by this court on this question, but they have no application in this case. Exhibit B was wholly inadmissible for any purpose, and hence the objection interposed was sufficient. "Where, however, evidence is wholly inadmissible on its face for any purpose a general objection to it is sufficient." 9 Enc. Ev. 63. "A general objection to evidence which is clearly hearsay is sufficient. It is incumbent on the party offering the evidence to show that it is admissible in spite of its hearsay character."

9 Enc. Ev. 80. "A general objection is sufficient where the ground therefor is so manifest that the trial court could not fail to understand it, as when the evidence offered is clearly irrelevant or incompetent or inadmissible for any purpose, or the objection is of such nature that it could not have been obviated." 38 Cyc. 1385. "The general rule that objections to evidence must be specific admits of this exception, that if they cannot in any manner be obviated, or if the evidence is clearly inadmissible for any purpose, a general objection will suffice." 8 Enc. Pl. & Pr. 228.

In discussing this matter the supreme court of Arizona, speaking through Chief Justice Dunne, in Rush v. French, 1 Ariz. 125, 25 Pac. 816, said: "As the object of requiring a specific objection is to enable the other party to obviate it if possible, if the objection is apparent, and it is clear that the defect cannot possibly be obviated, a specific objection would not help the adverse party, and in such case a general objection would be sufficient." In the case of Cooper v. Bower, 78 Kan. 164, 96 Pac. 794, the supreme court of Kansas held that a general objection to certain evidence on the ground that it was incompetent was a sufficient statement of the grounds of objection, where the testimony called for consisted of a self-serving declaration. In considering this question the court said: "But in the present instance the question called for the statement of one of the parties made out of court concerning the very matter in controversy, such a statement as would ordinarily amount to a self-serving declaration. It required no specification to advise the court why the opponent regarded such evidence as incompetent. It was rather for the proponent to suggest the special considerations that were thought to make it competent." At the time of its offer, exhibit B was clearly incompetent for any purpose, it was merely a self-serving statement on the part of the plaintiff,—the contents of which the evidence showed had never been communicated to the defendant. It was nothing more than a written statement made by the plaintiff out of court,—in the absence of the defendant,— self-serving in its nature, and purely hearsay as far as the defendant was concerned. If the plaintiff had written a complete statement of his side of the controversy, would it be contended that such statement would have been admissible over a general objection? The fact that exhibit B merely contained a partial presentation of plaintiff's case

made it none the less objectionable. It is self-evident that at the time it was offered and received in evidence, exhibit B was incompetent for any purpose. And it is likewise obvious that under the undisputed testimony in the case at that time, it could not, under any circumstances, be made competent as evidence in the case. As already stated it constituted merely a self-serving statement on the part of the plaintiff, which was hearsay so far as the defendant was concerned. It could not be made competent for any purpose, and a general objection was sufficient. Sparf v. United States, 156 U. S. 51, 39 L. ed. 343, 15 Sup. Ct. Rep. 273, 10 Am. Crim. Rep. 168; Parker v. United States, 1 Ind. Terr. 592, 43 S. W. 858; Townshend v. Townshend, 84 Vt. 315, 79 Atl. 388; Roche v. Llewellyn Iron Works Co. 140 Cal. 563, 74 Pac. 147; Snowden v. Pleasant Valley Coal Co. 16 Utah, 366, 52 Pac. 599; M. Groh's Sons v. Groh, 177 N. Y. 8, 68 N. E. 992; Morehouse v. Morehouse, 140 Cal. 88, 73 Pac. 738; Denver v. Perkins, 50 Colo. 159, 114 Pac. 484; Hunt v. Allison, 77 Wash. 58, 137 Pac. 322; Strickland v. Strickland, 103 Ark. 183, 146 S. W. 501; Hydraulic-Press Brick Co. v. Green, 177 Mo. App. 308, 164 S. W. 250; Richardson v. Agnew, 46 Wash. 117, 89 Pac. 404, and Rosenberg v. Sheahan, 148 Wis. 92, 133 N. W. 645. See also Johnson v. Burks, 103 Mo. App. 221, 77 S. W. 133, and Chamberlayne, Evidence, § 2734.

We see no reason for receding from our former opinion herein. The petition for rehearing is denied, and the order heretofore entered, reversing the judgment of the trial court and remanding the case for a new trial, will stand.