HERBERT W. SCHLOSS, FERDINAND L. FEUERBACH, COR-
NELIUS A. RUSH AND CHARLES DEITSCH, AS EXECU-
TORS OF THE LAST WILL AND TESTAMENT OF SAM-
UEL M. FRANK, DECEASED, PLAINTIFFS-RESPOND-
ENTS, v. ADELE D. TROUNSTINE, DEFENDANT-APPEL-
LANT.

Argued May 7, 1946—Decided November 21, 1946.

Before CASE, CHIEF JUSTICE, and Justice HEHER.

For the appellant, *Parsons, Labrecque, Canzona & Combs* (*Theodore D. Parsons,* of counsel).

For the respondents, *McCarter, English & Studer* (*Conover English,* of counsel).

The opinion of the court was delivered by

HEHER, J.  The plaintiff executors seek recovery of what is alleged to be a loan of $10,000 made by their decedent to defendant, his niece, on June 25th, 1943.  On that day, the deceased made and delivered to defendant two checks, one for $8,000 and the other for $2,000, which admittedly were used to liquidate liens (a mortgage in the first-stated sum and tax arrears in the latter amount) upon a parcel of real estate owned by defendant which the United States Government had agreed to lease, if the liens were satisfied.  The answer was a general denial.  The issue was tried by the court without a jury, by consent;  and there was a finding in favor of plaintiff for the full sum thus claimed, with interest, and judgment accordingly.  Motions made both by plaintiffs and by defendant for "a directed verdict" were denied.

Error is assigned upon the admission in evidence of the check book stubs for the checks in question.  Each check stub contains, besides the date and the amount of the check, the name "A. D. Trounstine," and underneath the word "Loan," all concededly in the handwriting of the deceased; and it is urged that the entries constitute self-serving evidence of the party's own making not within the "Shop Book" rule, and therefore inadmissible—citing *Bunting* ads. *Allen,*

18 *N. J. L.* 299; *Inslee* v. *Prall,* 23 *Id.* 457; *affirmed,* 25 *Id.* 665; *Hauser* v. *Leviness,* 62 *Id.* 518; *Skinner* v. *Reinhardt,* 108 *N. J. Eq.* 24.

While it is the rule that such entries, unsupported, do not suffice to prove payment or money lent, it is reasonably inferable from the evidence adduced here that the particular stub entries were written by the deceased in the presence of the payee of the checks, immediately prior to the making and delivery of the checks, the whole constituting one transaction, and thus the entries were contemporaneous with the litigated act, and so a part of what has been generally termed the *"res gestæ"* and admissible in evidence as revelatory of the deceased's state of mind and intent in giving the checks. The declaration accompanied the performance of the principal act in controversy; it was part of the immediate preparations for the act, and was made under its immediate influence, and thus it serves to elucidate and characterize an act that would otherwise be ambiguous and uncertain in its legal consequences. It matters not that the declarant is dead; indeed, that is a circumstance giving rise to a necessity for resorting to the contemporary assertions, although it is not the determinative factor. The admissibility of the statement is not conditioned upon the prior death of the declarant; it arises out of the ordinarily superior quality of the declaration as compared with later testimonial utterances by the declarant that may be based upon faulty recollection or be influenced or colored by the consideration of self-interest at the time they are made. It proceeds upon the hypothesis that the contemporary assertion comports with the declarant's real intention, and so is a satisfactory source of evidence. The case of *Kelly* v. *Pilney,* 98 *N. J. L.* 773, exemplifies the ruling principle. See, also, *Hunter* v. *State,* 40 *Id.* 495; *Schlemmer* v. *State,* 51 *Id.* 23; *Veader* v. *Veader,* 89 *Id.* 399; *Atlantic Safe Deposit and Trust Co.* v. *Jordan,* 95 *Id.* 112.

And, the doctrine of *res gestæ* as the source of admissibility to one side, a declaration or conduct revealing a design or plan to do a specific act has probative value to show that the act was probably done by the declarant as planned. The evi-

dencing of one's plan or design as a condition of mind by one's contemporary statements as to its existence constitutes a well-defined exception to the hearsay rule. The only limitations upon the use of such assertions (assuming the fact of the design to be relevant) are that "the statements must be of a *present existing state of mind,* and must appear to have been made in a natural manner and not under circumstances of suspicion." *Wigmore on Evidence* (*3d Ed.*) §§ 102, 1725. The existence of a design or plan to do a particular act is receivable as evidence of the probable doing of the act, if made under circumstances of naturalness. This is deemed a sufficient basis of rational inference in the daily affairs of life. The declarations are absolutely admissible as statements of a mental condition, to prove the design. They are tokens of the intention. Such are within the hearsay exception whether or no they accompany some conduct relevant in the litigation, or any movement or "act." *Ibid.* §§ 1714, 1725, 1726, 1729. They are facts of evidentiary value. In *Commonwealth* v. *Trefethen,* 157 *Mass.* 180, 188; 31 *N. E. Rep.* 961, Field, C. J., made this observation: "Although evidence of the conscious voluntary declarations of a person as indications of his state of mind has in it some of the elements of hearsay, yet it closely resembles evidence of the natural expression of feeling which has always been regarded in the law, not as hearsay, but as original evidence; 1 *Greenl. Ev.* § 102; and when the person making the declarations is dead, such evidence is often not only the best, but the only, evidence of what was in his mind at the time. * * * It is not necessary in the present case to determine what limitations in practice, if any, must be put upon the admission of this kind of evidence, because all the limitations exist which have ever been suggested as necessary. The person making the declaration, if one was made, is dead; * * * and the declaration, if made, was made under circumstances which exclude any suspicion of an intention to make evidence to be used at the trial." See, also, *Mutual Life Insurance Co.* v. *Hillmon,* 145 *U. S.* 285; 12 *S. Ct.* 909; 36 *L. Ed.* 706. Such declarations have probative worth because "not produced by the calculated policy of the ac-

tors." *Hunter* v. *State, supra.* There is a circumstantial probability of trustworthiness that common experience has proved a practicable and sufficient substitute for the conventional test of accuracy and credit.

And the appellant here admittedly received the proceeds of the checks. They were, at the outset, *prima facie* evidence of the payment of a debt owing to her by the drawer. *Bunting* ads. *Allen, supra; Sterry* v. *Filz-Gerald,* 95 *N. J. L.* 51. But this presumption was overthrown by the concession at the trial that there was no such indebtedness; indeed, it was appellant's contention that the proceeds constituted a gift *inter vivos,* and thus there arose the alternative presumption of a loan rather than a gift. *Vide Nay* v. *Curley,* 113 *N. Y.* 575; 21 *N. E. Rep.* 698.

The point is not well taken.

But we find reversible error in the overruling of questions designed to evoke evidence of a subsequent alleged declaration by the deceased to a third person that the declarant had made a gift of the proceeds of the checks to appellant.

The statement asserted was not contemporaneous with the principal event, and therefore not a part of the *res gestæ,* so-called, and the rejection of the proffered evidence is justified by respondent as in keeping with the doctrine of *Veader* v. *Veader, supra; Kelly* v. *Pilney, supra,* and *Luse* v. *Jones,* 39 *N. J. L.* 707.

This reasoning does not take into account the essential difference between declarations made in the party-declarant's own interest and admissions against interest. Self-serving utterances are inadmissible unless a part of the *res gestæ.* But the alleged declaration sought to be elicited here takes the category of an admission against a party's own interest; and as such it is admissible in evidence at the instance of the adversary party, even though made by one since deceased. *Cox* v. *Baird,* 11 *N. J. L.* 105; *Brice* v. *Atlantic Coast Electric Railway Co.,* 102 *Id.* 288. This is likewise the rationale of the case of *Veader* v. *Veader, supra.* The plaintiff executors' decedent was "privy to the suit;" and admissions against interest made by him during the time of his title are on well-settled principles receivable against

a party claiming the deceased's rights as his executor. There is in such circumstances that privity or identity of title or interest which sanctions resort to such evidence as the deceased may have furnished by way of admissions. *Brice* v. *Atlantic Coast Electric Railway Co., supra; Wigmore on Evidence* (*3d Ed.*) §§ 1048, 1076 and 1081.

Admissions are receivable against the party-opponent because they have the quality of inconsistency with his present claim, *i. e.,* with facts asserted in the pleadings or in the testimony, and the reason for the exclusion of self-serving declarations does not obtain, *i. e.,* the non-subjection of the utterances to the usual test of testimonial trustworthiness. Thus, on principle, it is immaterial that the assertion was not against the party-opponent's interest at the time of making it. The party's testimonial utterances do not pass the gauntlet of the hearsay rule when they are offered for him, unless within some exception to that rule, but do so when they are offered against him as opponent, because he himself is in that case the only one to invoke the hearsay rule and because he does not need to cross-examine himself. When a party-opponent's assertions are offered against him, they are termed admissions; but when offered in his favor, the hearsay rule is applicable. *Ibid.* 1048. As said by Pollock, C. B., in *Darby* v. *Ouseley,* 1 *H. & N.* 1, 5: "The distinction is this: If a party has chosen to talk about a particular matter, his statement is evidence against himself." Conduct of a party-opponent relating to the matter in controversy, whether by acts, speech, or writing, which is inconsistent with the truth of his contention, is in itself a fact relevant to the issue. *State* v. *Willis,* 71 *Conn.* 293; 41 *Atl. Rep.* 820.

And, although the contrary is suggested, it goes without saying that the exclusion of the proffered testimony served to prejudice appellant's substantial rights, for such was evidence to be weighed and considered by the trier of the facts in resolving the issue.

In this view, we have no occasion to consider the remaining points pressed on the argument.

The judgment is reversed, with costs; and a *venire de novo* is awarded. *Vide R. S.* 2:27–378; *Lynch* v. *Public Service Railway Co.,* 83 *N. J. L.* 783.