Defendant, Morris Chesler, Administrator of the Estate of Louis Chesler, appeals from an adverse judgment of the Hudson County Court in the sum of $7,500.
On December 24, 1947, the automobile of defendant's intestate, Louis Chesler, collided with an automobile owned by one Joseph Gorski, driven by Rudolph Gorski, at the intersection of Bramhall and Jackson Avenues, Jersey City, New Jersey. As the result of the collision, a tire came from one of the two cars, rolled onto the sidewalk, striking plaintiff and throwing her against a post, thereby causing her injury. This action was instituted against the owners and operators of both automobiles involved in the accident. Defendant, Louis Chesler, died prior to the trial and his personal representative was substituted for him.
At the conclusion of the trial, the court granted a motion for dismissal made by defendants, Joseph and Rudolph Gorski, and denied a similar motion on behalf of defendant Chesler. The case was submitted to the jury solely as to the liability of defendant Chesler. No appeal was taken from the court's dismissal of the action against defendants, Joseph and Rudolph Gorski.
The issues dispositive of this appeal are (1) whether the trial court erred in excluding the written statement of Louis *Page 315 
Chesler, deceased, when offered on behalf of his personal representative, and (2) in later admitting only the following portion thereof, when offered by plaintiff:
"Some lady said she was hit by a tire which I later learned came from the rear trunk of my car, locked but knocked opened by blow. I don't know details about lady injured."
For a complete understanding of the issue it is essential that we set forth the statement in full, viz.:
"Feb. 18th, 1948
 "STATEMENT OF LOUIS CHESLER
"I, Louis Chesler, age 67, married, state — I live at 445 Bergen Ave., Jersey City, N.J. I operate a Furniture Store at 98 Monticello Ave., Jersey City, N.J. Dr. Lic. 1096539 N.J. 47. Experience past 30 years. Minor previous accidents. I am owner of a 1936 Nash Sedan Reg. 1 H 94 K N.J. — 47 (Motor LE 22878 Ser. L23378). On Wed. Dec. 24th, 1947 about 1 P.M. I was operating the above car on my way from home to my place of business. I was driving east on Bramhall Ave. J.C. Alone in car. I reached Jackson Ave. and stopped and noticed a sedan coming in my direction from Greenville. I cannot say how fast but it was about a quarter to half a block away. I started to make crossing as I had plenty of time and when my car reached about three fourths over curbline into Bramhall Ave. on east side it was struck at the right rear by the sedan I had noticed. My car was turned around and stopped facing west 3 to 4 ft. inside Bramhall from Jackson Ave. The other car stopped facing north where it hit, about 5-6 ft. from south curb of Bramhall Ave. and right side close to east curb of Jackson Ave. I believe my car hit a fish market truck parked at north curb facing west at where I stopped. Driver of sedan said he skidded in car tracks. Snow ice in street. Some lady said she was hit by a tire which I later learned came from rear trunk of my car, locked but knocked opened by blow. I do not know details about lady injured. I was not injured nor sedan driver. No passenger in either car or truck.
"LOUIS CHESLER"
On objection of the co-defendant Gorski, the offer by decedent's representative of the statement in evidence was rejected by the court, on the ground that it was a self-serving declaration. On cross-examination, defendant Chesler testified as to the tire flying out of the trunk of decedent's car in response to a question as to what the decedent had said about the "sprung door in the back of his car." On objection of defendants *Page 316 
Gorskis, the answer was stricken as to them, but that part of the statement was held to be an admission against interest so far as defendant Chesler was concerned. On behalf of plaintiff, during plaintiff's subsequent cross-examination of decedent's personal representative, the entire statement was offered in evidence. Whereupon, on objection by defendants Gorskis, the court ruled that that part of the statement referring to the tire coming from the rear trunk of decedent's car was an admission against interest and, therefore, admissible against defendant Chesler notwithstanding his objection thereto; that the remainder of the statement was self-serving and hearsay and inadmissible as to the defendants Gorskis.
Appellant contends that the trial court erred (1) in excluding decedent's statement when offered by his personal representative; (2) when it admitted only part of the statement and excluded the balance as to the defendant Chesler as self-serving and hearsay; (3) in excluding decedent's statement as evidence not binding upon the plaintiff as well as the co-defendant as a declaration against interest made by a person since deceased; (4) in denying defendant's motion for an involuntary dismissal at the end of the plaintiff's case and at the end of the entire case on the ground that there was no proof of negligence against defendant's decedent; and (5) that the verdict should be set aside as contrary to the weight of evidence.
The written statement was made by decedent Chesler on February 18, 1948, almost two months after the accident, under circumstances which strongly suggest that the declarant prepared it with a view toward impending litigation. Defendant's decedent must have reasonably anticipated that, as a result of the collision and plaintiff's injuries, the question of liability would have to be resolved. His statement was a written account of the accident, which the writer desired to have accepted as true, and reasonably appears to be a studied attempt to establish evidence most favorable to him.
It is the general rule that such a statement, if admissible in evidence, must appear to have been spontaneous, and made with no ulterior purpose, nor, indeed, with any *Page 317 
opportunity for the existence of such purpose. Otherwise, it will fall within the class of "self-serving" declarations which wholly lack the guaranty of reliability essential to the admissibility of "hearsay" under an exception to the general excluding rule.Duysters v. Crawford, 69 N.J.L. 614 (Sup. Ct. 1903);Schloss v. Trounstine, 135 N.J.L. 11 (Sup Ct. 1946);Robertson v. Hackensack Trust Co., 1 N.J. 304 (Sup. Ct.
1949). In the instant case, we find it difficult to believe that the statement was made in a natural manner and under circumstances which exclude suspicion.
Appellant argues that the case of Robertson v. HackensackTrust Co., supra, is authority for the admissibility of the statement in question notwithstanding that it may have been hearsay and self-serving. We disagree with that contention. In that case, a written statement of defendant's decedent (made nine months after the execution of his will), was admitted into evidence. Mr. Justice Case, writer of the opinion adopted by a majority of the court, distinguished that case from cases admitting such statements, in the following language:
"* * * But the element which in our opinion distinguishes this case from all of the decisions, except where statute has otherwise enacted, relied upon in support of the admission, whether as res gestae or hearsay, is that the instrument, far from being a natural or inartificial outflow from an incident, or an uncalculated offshoot from the occurrence of an event, is a deliberate compilation, purporting to give a history of events, transactions and accusations * * * characterized by the author as a statement, and definitely aimed at making evidence for an anticipated lawsuit.
 * * * * * * * *
"* * * what he said was said for the purpose of making evidence and was said outside of a court room, not under the solemnity of an oath, not with opportunity to his adversary for cross-examination, not in the presence of death, not spontaneously in response to an exciting cause; in a phrase, not with any of those credentials which an adverse litigant is ordinarily entitled to expect by way of authentication before testimony is admitted against him.
 * * * * * * * *
"We consider that the admission of the disputed paper was contrary to the holdings in this state and to the great body of juridical holdings throughout all of the jurisdictions, and that it constituted error; * * *" *Page 318 
We believe that the comments of Mr. Justice Case are strikingly pertinent here.
There is a distinction to be made between the statement as offered by the personal representative of the decedent and when offered by the adversary of the declarant for the benefit of the admission against interest contained therein. The declarant's reference to the tire that struck the plaintiff and caused her injuries was an admission against interest. It was a recognition of the origin of the instrumentality and the action it set in motion, whereby plaintiff's injuries were caused. Mr. Justice Heher, speaking for the Supreme Court said in Schloss v.Trounstine, supra, at pp. 15, 16, in discussing the admissibility of admissions against interest made by a party since deceased:
"This reasoning does not take into account the essential difference between declarations made in the party-declarant's own interest and admissions against interest. Self-serving utterances are inadmissible unless a part of the res gestae. But the alleged declaration sought to be elicited here takes the category of an admission against a party's own interest; and as such it is admissible in evidence at the instance of the adversary party, even though made by one since deceased. Cox v. Baird,11 N.J.L. 105; Brice v. Atlantic Coast Electric Railway Co., 102Id. 288.
 * * * * * * * *
"Admissions are receivable against the party-opponent because they have the quality of inconsistency with his present claim,i.e., with facts asserted in the pleadings or in the testimony, and the reason for the exclusion of self-serving declarations does not obtain, i.e., the non-subjection of the utterances to the usual test of testimonial trustworthiness. * * *"
Defendant argues that Robertson v. Hackensack Trust Co.,supra, "is authority for the admissibility of DC-1 for identification on behalf of the representative as against the non-representative parties, plaintiff and co-defendants, even though the same may have constituted a hearsay declaration and been otherwise self-serving." A careful reading of the cited case satisfies us that such a construction does not find support in the decision. At the argument of this appeal, counsel for defendant admitted that such a construction broadens the recognized rule under R.S. 2:97-2 to the extent that the *Page 319 
personal representative may testify to any and all transactions with or statements made by the defendant whether they take place in the presence of or were heard by the non-representative party to the suit, but defendant concedes that he has been unable to find any decided cases in our own jurisdiction to support his contention. Nor do we find any such decisions by our courts.
Defendant argues further that "the reason why the majority of the Supreme Court in supporting the opinion of Mr. Justice Case in the above-cited case (Robertson v. Hackensack Trust Co.) held that the hearsay declaration in the case was not admissible was because it would have produced an inequitable result." We do not concur in that view. A verbatim quotation of the pertinent part of Mr. Justice Case's opinion demonstrates quite clearly the court's determination, viz.:
"The declaration was highly self-serving. Generally a party may not make evidence in his own behalf either by oral or written statement. The death of a party does not give admissibility to a self-serving declaration otherwise inadmissible, Gilbert v.Gilbert Machine Works, 122 N.J.L. 533 (Sup. Ct. 1939), except in jurisdictions where the rule has been changed by statute (as, e.g., Filosa's Case, 4 N.E.2d 439 — Mass. 1936). Not only has the rule not been changed by statute herebut, as we shall presently note in greater detail, we have astatute which, in its application to this case, would make theproposed deviation particularly inequitable." (Italics ours.)
We have considered the other arguments advanced by defendant for reversal of the judgment below, and find no merit in them.
Judgment affirmed, with costs. *Page 320